Irene Karbelashvili, State Bar Number 232223
**LAW OFFICE OF IRENE KARBELASHVILI**
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
**LAW OFFICE OF KENNETH J. PINTO**
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON, ) | Case No. |
| Plaintiff, ) | |
| ) | *Civil Rights* |
| vs. ) | |
| ) | **COMPLAINT FOR** |
| MR. CHAU'S RESTAURANT, INC, a ) | **PRELIMINARY AND** |
| California corporation, d/b/a MISTER ) | **PERMANENT INJUNCTIVE** |
| CHAUS CHINESE FAST FOOD, a/k/a ) | **RELIEF AND DAMAGES** |
| MR. CHAU'S; PATRICK CHAU, an ) | |
| individual; DENICE CALIFORNIA ) | **DEMAND FOR JURY TRIAL** |
| PROPERTIES, LLC, a California Limited ) | |
| Liability Company; BENNY PAT DENICE ) | |
| and ELEANOR ROSE DENICE, ) | |
| collectively in their individual and ) | |
| representative capacity as Trustees of THE ) | |
| IRREVOCABLE TRUST FOR BENEFIT ) | |
| OF PATRICK JAMES DENICE and ) | |
| Trustees of THE IRREVOCABLE TRUST ) | |
| FOR BENEFIT OF SARA MICHELLE ) | |
| DENICE-RUVALCABA; and DOES 1-20, ) | |
| Inclusive, ) | |
| Defendants. ) | |

Plaintiff RICHARD JOHNSON (hereafter "Plaintiff") complains of Defendants MR. CHAU'S RESTAURANT, INC, a California corporation, d/b/a MISTER CHAUS CHINESE FAST FOOD, a/k/a MR. CHAU'S; PATRICK CHAU, an individual; DENICE CALIFORNIA PROPERTIES, LLC, a California Limited Liability Company; BENNY PAT DENICE and ELEANOR ROSE DENICE, collectively in their individual and representative capacity as Trustees of THE IRREVOCABLE TRUST FOR BENEFIT OF PATRICK JAMES DENICE and Trustees of THE IRREVOCABLE TRUST FOR BENEFIT OF SARA MICHELLE DENICE-RUVALCABA; and DOES 1-20, Inclusive, (hereafter "Defendants") and alleges as follows:

## I. INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was enacted almost twenty-five years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)). Despite this long-standing mandate, Defendants, the owners, operators, lessors and lessees of Mister Chau's Chinese Fast Food a/k/a Mr. Chau's at 910 Meridian Avenue, San Jose, CA 95126 ("Restaurant") have failed to provide disabled persons with full and equal access to their goods and services in violation of the ADA by constructing and/or failing to remove architectural barriers that prevent persons who have mobility disabilities from using and enjoying their facilities in a full and equal manner as other persons in the general public. . In so doing, Defendants have also violated California civil rights laws including Cal. Health and Safety Code, the Unruh Civil Rights Act ("Unruh Act"), and the Disabled Persons Act.

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and deterred from accessing and using Defendants' goods, services and facilities to the same extent as, and in a manner equal to  non-disabled guests. Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendants to provide "full and equal" access to their public facilities for disabled persons as required by law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C.A. § 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of Health & Saf. Code, § 19955 et seq.; and the Unruh Act.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

## III. PARTIES

5. Plaintiff RICHARD JOHNSON ("Plaintiff") is and at all times relevant herein was, a qualified individual with a physical "disability". Plaintiff has been a quadriplegic individual since a motorcycle accident, which occurred on July 14, 2009, and consequently requires the use of a wheelchair and is a "person with a disability" or a "physically handicapped person" as defined under Department of Justice regulation 28 C.F.R. § 36.104 and Gov. Code, § 12926. Plaintiff was denied his rights to full and equal access at the Restaurant, and was denied his civil rights under both California law and federal law, because these are not properly accessible to physically disabled individuals, including those who are mobility limited. Plaintiff possesses a disabled parking placard issued by the State of California. He is also a lifetime resident of California.

6. On information and belief, Defendants MR. CHAU'S RESTAURANT, INC, a California corporation, d/b/a MISTER CHAUS CHINESE FAST FOOD, a/k/a MR. CHAU'S; PATRICK CHAU, an individual; DENICE CALIFORNIA PROPERTIES, LLC, a California Limited Liability Company; BENNY PAT DENICE and ELEANOR ROSE DENICE, collectively in their individual and representative capacity as Trustees of THE IRREVOCABLE TRUST FOR BENEFIT OF PATRICK JAMES DENICE and Trustees of THE IRREVOCABLE TRUST FOR BENEFIT OF SARA MICHELLE DENICE-RUVALCABA; and DOES 1-20 are an owner, operator, lessor and/or lessee, or agent of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the business, property, buildings, parking lots, and/or portions thereof located at 910 Meridian Avenue, San Jose, California, including but not limited to the Restaurant and the walkways and

parking places serving the Restaurant.

7. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 20 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

### IV. FACTS UPON WHICH ALL CLAIMS ARE BASED

8. Restaurant is a "place of public accommodation" as defined under Title III of the ADA, 42 U.S.C. § 12181 (7)(B), and California civil rights laws. Civ. Code, § 51 et seq.*;* and Health & Safety Code Health & Saf. Code, § 19955 et seq.

9. On information and belief, Restaurant was constructed and/or altered after January 26, 1993.

10. Plaintiff and other similarly situated mobility disabled individuals who require the use of a wheel chair are unable to access and use the goods, services and facilities offered at the Restaurant on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C.A. § 12181 et seq.; Health & Saf. Code, § 19955 et seq.; and California Code of Regulations, Title 24-2 ("Title 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

11. Plaintiff visited the Restaurant at 910 Meridian Avenue in San Jose, California, for lunch, on January 20, 2015, and ordered a chicken salad. Plaintiff is very independent, considering his condition, and under normal circumstances Plaintiff attempts to conduct himself, just as a person without mobility limitations would conduct himself or herself at all possible times. However, in this instance, the Restaurant's failure to provide Plaintiff with reasonable accommodations made Plaintiff feel like a second class citizen and also placed him at risk of serious physical injury. There are a number of barriers, exterior and interior, which Plaintiff was confronted with during his visit.

12. The parking lot to the Restaurant, for example, has a disabled parking stall that is not properly marked and/or signed. Plaintiff felt extremely uneasy as he parked in the designated parking stall with his side loading van with a hydraulic lift. Plaintiff felt fear and anxiety that someone would park next to his van and block his re-entry into the van. Furthermore, the entry door to the entry area is too heavy and closes too fast. Plaintiff had to struggle to open the door and get through the doorway.

13. After entering the Restaurant, Plaintiff placed his order and sought seating to consume his meal. Yet, once again, Plaintiff was confronted with numerous barriers. For example, the counter was so high that it made his transaction difficult to complete. Furthermore, there were no tables reserved for disabled persons. The table provided did not allow Plaintiff to comfortably seat himself because of the lack of leg room under the table. Plaintiff had to seat himself farther away from the table which made it so food that dropped from his utensils could fall directly into his lap and soil his clothing.

14. Lastly, Plaintiff encountered various barriers when using the customer restroom to wash his hands. The sink was an unusual design that made it difficult to wash his hands due to the shape and design as well as to access the water controls. Also, the cabinet upon which the sink was attached limited Plaintiff's ability to get close enough to the sink and its water controls. Moreover, the soap and paper towel dispensers were situated in a manner that made access difficult.

15. Plaintiff would like to have an opportunity to eat at the Restaurant in the future since he finds the price to be reasonable and within his budget. However, unless the Restaurant complies with the ADA, Plaintiff will continue to be denied full and equal access. Also, the ongoing nature of Defendants' discrimination constitutes an ongoing violation, and

unless enjoined by this Court, will result in ongoing and irreparable injury.

16. On information and belief there are additional access barriers that deny, exclude, or otherwise deter mobility limited / mobility disabled people from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the Restaurant to the general public, including, but not limited to:

- Vertical changes on path of travel
- No directional signage
- No clear path from parking to front door
- No path from front door to bathroom
- Parking lines faded
- No parking signs
- Bathroom signage incorrect
- Landing on pull side of door slops
- Door is heavy
- No 10" smooth surface at bottom of door
- Counter high
- No ADA seating inside
- No ADA seating outside
- Napkins are not within reach range
- No grab bar at rear of toilet
- Toilet cover dispenser blocked
- Toilet paper above grab bar
- Grab bar on side wall is short
- WC away more than 18" from wall
- Flush is on short side
- No transfer next to WC due to garbage can

17. These barriers to access are listed without prejudice to Plaintiff citing additional

barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under Doran v. 7-Eleven, Inc. (9th Cir. 2008) 524 F.3d 1034, Chapman v. Pier 1 Imports (U.S.) Inc. (9th Cir. 2011) 631 F.3d 939, and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### AMERICANS WITH DISABILITIES ACT

18. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 17 of this Complaint, and incorporates them herein as if separately repled.

19. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities", and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C.A. § 12101.

20. Congress stated as its purpose in passing the Americans with Disabilities Act, 42 U.S.C.A. § 12101(b):

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

21. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C.A. § 12181 et seq. For purpose of this title restaurants are considered "public accommodations" (42 U.S.C.A. § 12181(7)(A)).

22. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

23. Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

> A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;
>
> B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded to non-disabled individuals;
>
> C. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. § 36app. A. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, .406(a);
>
> D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C.A. § 12183(a)(2); 28 C.F.R. §§ 36.402, .403, .406(a);
>
> E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C.A. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

24. On information and belief, the Restaurant underwent construction and/or alterations

after January 26, 1992 that triggered access requirements under the ADA - Title III.

25. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**Cal. Health & Safety Code §§ 19955 et seq.**

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint, and incorporates them herein as if separately repled.

27. Health & Saf. Code, § 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. Health & Saf. Code, § 19955.

28. On information and belief, the Restaurant and its related facilities underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as Restaurant and its related facilities, undergo an "alteration, structural repair or addition."

29. Since a violation of state or federal law, including California Health and Safety Code, is also a violation of the Bus. & Prof. Code, § 17200, pursuant to the remedies, procedures, and rights set forth in Bus. & Prof. Code, § 17200, Plaintiff prays for judgment as set forth below.[1]

**THIRD CAUSE OF ACTION- CALIFORNIA BUSINESS AND PROFESSIONS CODE (UNFAIR, UNLAWFUL, DECEPTIVE BUSINESS PRACTICES and FALSE ADVERTISING)**
**Bus. & Prof. Code, §§ 17200, 17500 et seq.**

---

[1] Note: Plaintiff is <u>not</u> invoking Health & Saf. Code, § 19953 for purposes of injunctive relief or attorney's fees.

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 29 of this Complaint, and incorporates them herein as if separately repled.

31. Defendants engage in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, et seq., of the Business and Professions Code.

32. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

33. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the American's with Disabilities Act as alleged herein.

34. Plaintiff also alleges that since Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, et seq., of the Business and Professions Code.

35. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

36. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such goods and services to

disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the Americans with Disabilities Act.

37. Plaintiff seeks injunctive relief and restitution to restore to her any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff.

**FOURTH CAUSE OF ACTION**
**UNRUH CIVIL RIGHTS ACT**
**Civ. Code, § 51 et seq.**

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 37 of this Complaint, and incorporates them herein as if separately repled.

39. The Restaurant is a business establishment and, as such, must comply with the provisions of the Unruh Act, Civ. Code, § 51 et seq.

40. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Civ. Code, § 51(b).

41. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Civ. Code, § 51(f).

42. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiffs rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restaurant.

43. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

44. Pursuant to the remedies, procedures, and rights set forth in Civ. Code, § 52, Plaintiff prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**DISABLED PERSONS ACT**
Civ. Code, § 54 et seq.

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 44 of this Complaint, and incorporates them herein as if separately repled.

46. The Restaurant and its facilities are places of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), Civ. Code, § 54 et seq.

47. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Civ. Code, § 54.

48. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Civ. Code, § 54.1(a)(1).

49. The CDPA also provides that a violation of the ADA is a *per se* violation of CDPA, Civ. Code, § 54.1(d).

50. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiffs right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of the Restaurant and its related facilities due to his disability.

51. Pursuant to the remedies, procedures, and rights set forth in Civ. Code, § 54.3, Plaintiff prays for judgment as set forth below.[2]

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff's related state law claims:
    a. Ordering Defendants to alter their facilities to make such facilities readily

---

[2] Plaintiff is not invoking Civ. Code, § 55 for purposes of injunctive relief or attorney's fees.

accessible to and usable by individuals with disabilities; and

    b. Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

2. That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

3. That this Court award special and consequential damages according to proof;

4. That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, 42 U.S.C.A. § 12205; Civ. Code, § 52; and Code Civ. Proc., § 1021.5;

5. That this Court orders Restitution pursuant §§ 17203, 17535 of the Business and Professions Code to restore to Plaintiff any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff;

6. Such other and further relief as the Court may deem just and proper.

Dated: April 23, 2015         /s/ Kenneth J. Pinto
    Kenneth J. Pinto, Attorney for Plaintiff
    RICHARD JOHNSON

***DEMAND FOR JURY TRIAL***

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: April 23, 2015                            _/s/ Kenneth J. Pinto_____
                                                 Kenneth J. Pinto, Attorney for Plaintiff
                                                 RICHARD JOHNSON